**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50016 |
| Plaintiff-Appellee, | D.C. No. 3:17-cr-02745-MMA-1 |
| v. | |
| JUAN CARLOS BANDERAS-GONZALEZ, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Argued and Submitted April 12, 2019
Pasadena, California

Before: PAEZ and CLIFTON, Circuit Judges, and ENGLAND,** District Judge.

Juan Carlos Banderas-Gonzalez appeals the district court's denial of a

motion to suppress the fruits of a traffic stop in a town near the United States-

Mexico border. We affirm.

--------

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Morrison C. England, Jr., United States District Judge for the Eastern District of California, sitting by designation.

Reasonable suspicion is "a particularized and objective basis for suspecting the particular person stopped of criminal activity." *United States v. Cortez*, 449 U.S. 411, 417-18 (1981). To evaluate reasonable suspicion near the border, courts look to factors including characteristics of the area; proximity to the border; usual patterns of traffic on the particular road; previous experience with alien traffic, including information about recent illegal border crossings in the area; the driver's behavior; and vehicle characteristics. *United States v. Brignoni-Ponce*, 422 U.S. 873, 884-85 (1975). "In all situations the officer is entitled to assess the facts in light of his experience in detecting illegal entry and smuggling," *id.* at 885, including "to make inferences from and deductions about the cumulative information available to [the officer] that might well elude an untrained person." *United States v. Valdes-Vega*, 738 F.3d 1074, 1078 (9th Cir. 2013) (quoting *United States v. Arvizu*, 534 U.S. 266, 273 (2002)).

Here, experienced and well-trained Border Patrol agents who had reason to be on alert at the time for potential vehicle alien pickups in the particular area they patrolled paid close attention to factors that collectively led them to stop Banderas-Gonzales. Those factors included, but were not limited to, the early morning hour; their perception that the car was not well suited for the area and was not recognized as belonging to someone who lived in the area; the vehicle's out-of-area

registration; the level of tinting in the car's back windows; and the movement down a road leading directly to a vulnerable portion of the border, returning back five to ten minutes later, then proceeding directly to the interstate highway that led to San Diego. The evidence may not have been enough to establish probable cause, but it was sufficient to establish reasonable suspicion. The officers acted on more than a hunch in picking out this particular vehicle among the others that passed. The motion to suppress was properly denied.

**AFFIRMED.**

*US v. Banderas-Gonzalez*, 18-50016

PAEZ, Circuit Judge, concurring

I write separately to note that I share similar concerns to those expressed in Judge Murguia and Judge Zouhary's specially concurring opinion in *United States v. Raygoza-Garcia*, 902 F.3d 994 (9th Cir. 2018).  I agree that "we must pay close attention to officers' reliance on innocuous conduct" and "[t]here are limits on our deference to an officer's inferences."  *Raygoza-Garcia*, 902 F.3d at 1002 (Murguia & Zouhary, JJ., concurring).  In my view, this was a close case as all of Banderas's relevant conduct was innocuous.  I concur in the disposition, however, because the Border Patrol agents had specific reasons to believe that there would be a vehicle pick-up of people who had crossed the border illegally in the exact area that they observed Banderas's car approach the border and then quickly return.  *See id.* at 1004 (citation omitted) ("We only defer to inferences about innocent or innocuous conduct where those inferences rationally explain how the objective circumstances aroused a reasonable suspicion that a defendant had committed a crime.").